# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIA PAMPLONA and JEREMIAH VINCENT PAMPLONA, a minor, by and through his Guardian ad Litem Richard Pamplona in interest to decedent Vicent S. Pamplona; JOSE PAMPLONA and ANGELITA PAMPLONA,<br><br>                                   Plaintiff,<br><br>     vs.<br><br>NOIDA HERNANDEZ; ROMMIE HERNANDEZ; REMIE HERNANDEZ; BRYAN PINE individually and dba Pine Rental Service; MARCUS GUERRERO; JLG INDUSTRIES, INC.; DOES 1 THROUGH 100; UNITED STATES OF AMERICA,<br><br>                                   Defendant. | CASE NO. 08cv2205 - IEG - BLM<br><br>ORDER SEVERING DEFENDANTS PINE AND GUERRERO FROM CASE AND TRANSFERRING ACTION AS TO PINE AND GUERRERO TO THE DISTRICT COURT OF GUAM<br><br>[Doc. Nos. 12, 16] |

Defendants Bryan Pine and Marcus Guerrero filed the present motions to (1) dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) or, in the alternative, (2) transfer the action to the District of Guam pursuant to 28 U.S.C. § 1631. Plaintiffs concede the Court lacks personal jurisdiction over movants, but requests the Court transfer the claims against those defendants to the District of Guam. The moving defendants replied. Having considered the parties' submissions, and for the reasons set forth below, the Court enters the following memorandum and order.

## BACKGROUND

**I.     Relevant Parties**

In this wrongful death action, plaintiff Lucia Pamplona is the wife of decedent Vincent S.

Pamplona and plaintiff Vincent Pamplona is decedent's son. Both Lucia and Vincent are residents of Nevada. Plaintiffs Jose and Angelita Pamplona are decedent's parents and Hawaiian residents.

Defendant Bryan Pine is a resident of Guam who has lived there continuously for twenty years. Pine's only contact with California is periodic visits to relatives living in the state. Pine has operated Pine Rental in Guam as a sole proprietorship for the last fifteen years. Pine Rental transacts business under a Guam business license and pays taxes only in Guam. Defendant Guerrero has worked for Pine Rental for eight years and is currently the manager. Guerrero was born on Guam, has lived on Guam his whole life, and has never been to the mainland of the United States.

## II.   Factual Background

On August 25, 2006, officers of the USNS San Jose (the "San Jose") rented a Manlift from Pine Rental.[1] On August 31, 2006, the decedent performed a fresh water wash down of the San Jose's hull and was seated in the Manlift. While decedent was washing the ship, the Manlift malfunctioned and the bucket in which the decedent was located tipped over, causing decedent to fall to his death on the dock below. Defendant JLG Industries allegedly constructed the Manlift and the remaining defendants were decedent's coworkers who were involved in operation of the machine.

## III.   Procedural Background

Plaintiffs originally filed this action in San Diego Superior Court. Defendants removed this action to federal court on December 1, 2008. On January 16, 2009, defendants Pine and Guerrero moved to dismiss for lack of personal jurisdiction or alternatively, to transfer the claims against Pine and Guerrero to Guam. [Doc. Nos. 12, 16] Plaintiffs opposed, admitting the court had no personal jurisdiction, but requesting the court transfer the action, as to movants, to the District of Guam. Defendants replied and the Court found this motion amendable to disposition without oral argument.

Plaintiffs filed an identical action in Guam Superior Court. In Guam, plaintiffs are proceeding *pro se*, but have not served defendants. Plaintiffs claim the Guam court may dismiss the action.

## LEGAL STANDARD

Rule 12(b)(2) allows a party to move for dismissal based on a lack of personal jurisdiction.

---

[1] A "manlift" appears to be a device used during the cleaning of ships. From the incidents alleged, it is used to lift men to clean the exterior of a ship's hull.

1  Fed. R. Civ. P. 12(b)(2).  "Personal jurisdiction" refers to the court's power to render a judgment that
2  either commands a defendant's personal obedience or imposes obligations on the defendant that will
3  be enforced by other courts.  See Burnham v. Superior Courts, 495 U.S. 604, 608-09 (1990).  The
4  plaintiff bears the burden of establishing that jurisdiction exists.  Rio Props., Inc. v. Rio Int'l Interlink,
5  284 F.3d 1007, 1019 (9th Cir. 2002).  Absent one of the traditional bases for jurisdiction – presence,
6  domicile, or consent – due process requires the defendant have "certain minimum contacts with [the
7  forum state] such that the maintenance of the suit does not offend traditional notions of fair play and
8  substantial justice."  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

9  A Court without personal jurisdiction may either transfer the case, pursuant to 28 U.S.C. §
10 1631, or dismiss the case for lack of personal jurisdiction.  Section 1631 provides if "there is a want
11 of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any
12 other such court in which the action or appeal could have been brought at the time it was filed or
13 noticed . . . ."  28 U.S.C. § 1631.  Currently, the circuits are split whether section 1631 applies to
14 defects in personal jurisdiction, with the majority finding section 1631 encompasses personal
15 jurisdiction.  See, e.g., Roman v. Ashcroft, 340 F.3d 314, 328 (6th Cir. 2003).

### DISCUSSION

17 Plaintiffs concede there is no personal jurisdiction, but ask the Court to consider transferring
18 the action only as to Pine and Guerrero.  This request raises three issues: (1) whether the Court has
19 personal jurisdiction over moving defendants; (2) whether the claims against moving defendants may
20 be severed from the action; and (3) whether 28 U.S.C. § 1631 requires the Court to choose transfer
21 of the action as to moving defendants instead of dismissal.

22 **A.    Personal Jurisdiction**

23 Plaintiffs admit there is no traditional basis for personal jurisdiction over Pine or Guerrero:
24 Pine and Guerrero were not served in California, are not domiciled in California, and have not
25 consented to personal jurisdiction in California.  Therefore, the Court analyzes whether plaintiff has
26 established personal jurisdiction under the minimum contacts test.  In California, personal jurisdiction
27 over a nonresident can either be general or specific.

28 General jurisdiction exists when the defendant's contacts with the forum state are substantial

or continuous and systematic, a "fairly high" standard. <u>Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.</u>, 223 F.3d 1082, 1086 (9th Cir.2000). The defendant's contacts must approximate physical presence in the forum state. <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 801 (9th Cir. 2004). Factors used to evaluate the contacts include whether the defendant makes sales, solicits or engages in business, designates an agent for service of process, holds a license, or is incorporated in the forum state. <u>Bancroft</u>, 223 F.3d at 1086. Plaintiffs admit, and the Court finds, Pine and Guerrero did not have contacts that approximate a physical presence in the forum state. Pine's only contacts with California were personal visits to relatives living in the state. Guerrero has never done business in, or even visited, the state. Therefore, the Court does not have general jurisdiction over Pine or Guerrero.

Specific jurisdiction exists if the action arises out of, or relates to, defendant's activities within the forum. <u>Data Disc, Inc. v. Systems Tech. Assocs., Inc.</u>, 557 F.2d 1280, 1286 (9th Cir. 1977). In tort cases, courts use a three-prong test: (1) the non-resident defendant must purposefully direct its conduct at the forum; (2) the claim must have arisen from defendant's forum-related conduct; and (3) jurisdiction must be reasonable. <u>Lake v. Lake</u>, 817 F.2d 1416, 1421 (9th Cir.1987). Plaintiff admits, and the Court finds, the action does not arise out of, or relate to, either Pine's or Guerrero's forum-related conduct. Therefore, the Court does not have specific jurisdiction over moving defendants.

**B.     Severance Under Rule 21**

The issue of severance arises because the Court cannot, under the plain language of 28 U.S.C. §1631, transfer the action as to moving defendants absent severance. The plain language of section 1631 permits the Court to transfer "the action" to cure jurisdictional defects. 28 U.S.C. §1631. The Circuits split whether this language permits federal courts to partially transfer an action. <u>See</u> <u>United States v. County of Cook, Ill</u>., 170 F.3d 1084 (Fed. Cir. 1999) (approving transfer of some, but not all, claims); <u>FDIC v. McGlamery</u>, 74 F.3d 218, 222 (10th Cir. 1996)(finding transfer appropriate only after a Rule 21 severance); <u>Hill v. United States Air Force</u>, 795 F.2d 1067, 1070 (D.C. Cir. 1986) (finding the statute authorizes the transfer of an action, not a claim). The reasoning in <u>McGlamery</u> is the most persuasive because it gives plain meaning to the term "action" and acknowledges that Rule 21 severance creates two separate actions. <u>McGlamery</u>, 74 F.3d at 222. Under this rubric, the Court

1 analyzes whether to sever movants from the action before discussing transfer under 28 U.S.C. § 1631.

2   The Court can properly sever the claims against Pine and Guerrero. Rule 21 of the Federal Rules of Civil Procedure provides "the court may sever any claim against a party." Courts have broad discretion to sever a claim pursuant to Rule 21. Even if joinder is proper, a court may order severance to prevent prejudice. Coleman v. Quaker Oats Co., 232 F3d 1271, 1296 (9th Cir. 2000) (severing 10 age discrimination claims to prevent prejudice). Further, tortfeasors facing joint and several liability are not parties who must be joined in a single lawsuit. Temple v. Synthes Corp., 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."). This action has been brought for the alleged tortious actions of Pine, Guerrero and the other defendants. Although they arise from the same incident, the action must be severed to prevent prejudice to plaintiffs. Additionally, the Court finds severance and transfer will not prejudice the parties, in fact, they were willing to agree to transfer the action to Guam. Accordingly, because the parties are not indispensable, the Court severs Pine and Guerrero.

**C.  Dismiss or Transfer the Action as to Pine and Guerrero**

Defendants request the Court dismiss the action, or, in the alternative, transfer the action to the District Court of Guam. Plaintiffs argue the Court should transfer in the interest of justice because the Guam Action is in danger of being dismissed due to lack of service. Plaintiffs request the Court "not force the plaintiffs to rely only on the Guam Superior Court case." (Pl. Opp., Doc. No. 28.)

The Court must determine whether transfer is more appropriate than dismissal. "The transfer of civil actions among federal courts to cure jurisdictional defects is governed by 28 U.S.C. §1631." Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001). A section 1631 transfer is appropriate if "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." Id. As previously discussed, this Court lacks jurisdiction over Pine and Guerrero. Further Guam has jurisdiction over this action because both defendants admit they are domiciled in Guam and transfer would not destroy diversity of parties. The sole issue is whether transfer is "in the interest of justice."

"When determining whether transfer is in the interest of justice, courts have considered [1] whether the failure to transfer would prejudice the litigant, [2] whether the litigant filed the original

action in good faith, and [3] other equitable factors." Cruz-Aguilera, 245 F.3d at 1074. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962)). First, a failure to transfer would prejudice plaintiffs because the proceeding is time consuming, the Guam action is on the verge of dismissal, and the statute of limitations would bar refiling. Second, there is no indication plaintiffs action was not filed in good faith. Third, equity counsels toward transfer because both parties agree the action should be heard by the Guam District Court.

## CONCLUSION

For foregoing reasons, the Court orders defendant Pine and Guerrero severed from the present action and transfers the action against Pine and Guerrero to the District of Guam pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED.**

**DATED:  March 5, 2009**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**